# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:18-CV-463-RJC-DCK

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER |
| ALEAH BRADY, individually, and by and through parent or guardian, Jason Brady, and JASON BRADY, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Department Of Public Instruction's Motion To File Under Seal" (Document No. 10) filed February 26, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Defendants' Response…" (Document No. 13) requests that the motion be granted; and Plaintiff has failed to file any response. See Local Rule 7.1(e). Having carefully considered the motion and the record, and noting Defendants' support for the motion, the undersigned will grant the motion. See (Document No. 14).

Non-party North Carolina Department of Public Instruction ("DPI" or "Movant") notes that this case arises from a due process administrative action heard before the Office of Administrative Hearings ("OAH") involving Defendant J.B. and his child A.B. (Document No. 11, p. 1). Movant now seeks to file under seal sensitive information about Defendant A.B., including name, birth date, and confidential health information and education records. (Document No. 10; Document No. 11, p. 1; Document No. 12).

A party who seeks to seal any pleading must comply with the Local Rules of this Court.

Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
> > **(1)** A non-confidential description of the material sought to be sealed;
> > **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> > **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> > **(4)** Supporting statutes, case law, or other authority.
>
> To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

Local Rule 6.1.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the

motion to seal. It appears that Movant has adequately satisfied the requirements of Local Rule 6.1(c)(1) through (4).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Department Of Public Instruction's Motion To File Under Seal" (Document No. 10) is **GRANTED**.

Signed: March 25, 2019

David C. Keesler
United States Magistrate Judge